## MEERS *v.* KELLY.

*(Circuit Court, S. D. New York.* May 16, 1887.)

DESIGN PATENT—PHOTOGRAPHIC ALBUM LEAF—PATENTABLE NOVELTY.

A design patent, No. 14,961, was issued April 15, 1884, to Stephen Meers, for a photographic album leaf. It consisted of an exterior plain border or frame, apparently elevated, inclosing a border or frame, with a roughened or pebbled surface, and, within this, pockets apparently raised for the purpose of holding the pictures; thus making three mats or frames. The defendant sold photograph albums with two borders surrounding the pockets, —one border pebbled, the other smooth,—not raised, but even with the surface of the sheet. As shown by the evidence, album leaves with pebbled surfaces surrounding the openings through which the pictures are seen were old; and smooth borders surrounding pebbled pockets, and pockets with ornamented edges, were also old. *Held,* that said patent, if limited to the specific design shown, might be a good design patent; but if construed to include, generally, a plain border inclosing a pebbled border, which inclosed a pocket, it was wanting in patentable novelty, and a bill filed against the defendant to restrain infringement must be dismissed.

*J. Milton Stearns, Jr.,* for plaintiff.
*Andrew J. Todd,* for defendant.

SHIPMAN, J. This is a bill in equity to restrain the defendant from the alleged infringement of design patent No. 14,961, issued April 15, 1884, to Stephen Meers, for a photographic album leaf. Letters patent No. 293,054 were issued February 5, 1884, to the same patentee, for an improvement in photographic albums. The improvement consisted, in part, in dispensing with a large portion of the pasteboard which is ordinarily used inside the leaves of photographic albums, and, in part, in embossing the edges of the openings in the leaves, and thereby making raised pockets for receiving the pictures. The rim of pasteboard upon the edges of the leaf is also raised or elevated above the adjoining surface of the leaf. The specification of the design patent says that the "leaf is ornamented by a frame, A, the surface of which is roughened or pebbled, and which incloses the pocket or pockets, B. The roughened frame, A, is inclosed in a frame, C. This roughened frame imparts to the leaf an ornamental appearance." The claims are as follows:

"(1) The design for a photographic album leaf, consisting of the roughened frame, A, inclosing the pocket or pockets, B, as shown and described.

"(2) The design for a photographic album leaf, consisting of the exterior frame, C, the roughened frame, A, inside of the frame, C, and the pocket or pockets, B, inside of the roughened frame, A, as shown and described."

The frame, A, is a border of grained or roughened surface surrounding, for a certain distance, the pocket or place to hold pictures, and the frame, C, is a smooth border between A and the edges of the leaf. These borders have the effect of mats or frames for the picture. The drawings of the patent represent the pocket as apparently raised above the surrounding surface, and the border, C, as raised above the frame, A.

The defendant sells albums having leaves ornamented with borders, A and C, surrounding a pocket, not raised, but even with the surface of

the sheet. The pasteboard in his leaves extends nearly to the pocket, so that the border, C, is upon a level with A.

At the date of the invention, photographic album leaves with pebbled surfaces surrounding the openings or spaces in the leaves through which the pictures are seen, were old. A smooth border surrounding a pebbled pocket, and a pocket with ornamented edges, were also old. In view of the state of the art at the date of the application for a patent, there was nothing indicative of invention in surrounding an ornamented or unornamented opening or pocket with a pebbled border which did not extend to the edges of the sheet. If the patent is construed to include a plain border inclosing a pebbled border, which incloses a pocket, then it does not contain patentable novelty, because pebbled surfaces surrounding the openings in album leaves were old at the date of the improvement, and there was nothing patentable in limiting the area of the pebbled surface. If the patent is limited to the design which the patentee made, and which is shown in the drawings, and which consists of an exterior plain, apparently elevated, border, inclosing a pebbled border, which inclosed a pocket apparently raised, thus making apparently three mats or frames for the picture, it is a good design patent. Such a design has a pleasing effect, which is peculiar to itself, seems to be novel, and has the necessary element of invention.

There is no infringement, and the bill is dismissed.